IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anil N. Charran,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-14-0153-PHX-PGR (DKD)<br><br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, SENIOR U.S. DISTRICT JUDGE:

Anil N. Charran filed a petition for writ of habeas corpus on January 27, 2014, challenging his convictions in Maricopa County Superior Court for two counts of burglary in the second degree. His habeas petition raises claims of ineffective assistance of trial counsel, bias by trial counsel, double jeopardy, prosecutorial misconduct, improper jury instructions, and insufficient evidence. As explained below, the Court recommends that Charran's petition be denied and dismissed with prejudice.

**BACKGROUND**

The operative facts, as described by the Arizona Court of Appeals, are as follows:

> Relatives of the deceased homeowner locked and secured the home at noon and again at 5:30 p.m. the day of the burglaries. When they returned at 7:30 p.m., doors were cracked open. A wet-tile saw, power washer, and several welders were missing. There were new tire tracks on the wet grass in the front yard. While the relatives were deciding what to do, they saw Charran drive his truck slowly past the house with his lights off, disappear out of sight, and then return, driving in the opposite direction, still without headlights. Charran backed his truck into the driveway and parked in the

> front yard, in the same spot where a vehicle had parked earlier. Charran "nonchalant[ly]" entered the house through the front door, and, in two trips, took a vacuum cleaner, a steam cleaner, and a clock to his truck. When one of the relatives confronted Charran, he fled and was later found hiding in some bushes, where he was flushed out by a police dog.

(Doc. 11, Ex. M at ¶ 5) On March 8, 2010, Charran was charged by information with two counts of burglary in the second degree: one count for the burglary that took place between 5:30 p.m. and 7:30 p.m., and one count for the burglary that took place at 7:30 p.m. (Doc. 11, Ex. A) On May 14, 2010, during his arraignment, Charran entered a plea of not guilty. (Doc. 11, Ex. D at 4:3) At the request of the State, the Maricopa County Superior Court provided Charran with an advisory pursuant to *State v. Donald*, 10 P.3d 1193 (Ariz. App. 2000). (*Id*. at 5-10) At the conclusion of the *Donald* colloquy, the Court found that Charran had knowingly, voluntarily, and intelligently rejected the plea offer. (*Id*. at 10)

On July 13, 2010, the Superior Court held a hearing on Charran's motion for new counsel. (Doc. 11, Ex. E) After hearing from Charran and his attorney, the Court denied Charran's motion. (*Id*. at 7) Subsequently, Charran again moved to change counsel and the Court heard argument on his motion during his September 21, 2010 final trial management conference. (Doc. 11, Ex. F) After Charran explained that he was dissatisfied with his attorney's services and agreed that he and his attorney had a personality difference, the Court denied his motion. (*Id*. at 7-9)

At the start of the trial and outside the presence of the jury, the judge, prosecutor and Charran's attorney each acknowledged that they had recently learned that they all knew the wife of a witness/victim in the case. (Doc. 11, Ex. G at 3-4) Charran's attorney stated that he learned of this connection that day and that it would not affect his trial preparation; he did not state that he knew the victim. (*Id*.)

On January 25, 2011, at the conclusion of a two day trial, a jury in the Maricopa County Superior Court found Charran guilty of two counts of burglary in the second

1  degree. (Doc. 11, Exs. B, G, H) On July 18, 2011, Charran was sentenced to concurrent,
2  presumptive sentences of 11.25 years with credit for 386 days. (Doc. 11, Exs. C, I)

3  Charran timely appealed, raising three arguments. (Doc. 11, Exs. J, M) First, he
4  argued that he was entitled to additional presentence incarceration credit; the Arizona
5  Court of Appeals agreed. Next, he argued that the evidence was insufficient to support
6  the conviction for the first count of burglary and he objected to the jury instruction on
7  concealment. The Court of Appeals disagreed with both of his arguments and affirmed
8  his convictions and sentences as modified. (Doc. 11, Exs. K, L) Charran filed a *pro per*
9  petition for review to the Arizona Supreme Court. (Doc. 11, Ex. N) On February 15,
10 2013, the Supreme Court denied his petition. (Doc. 11, Ex. O)

11 On March 5, 2013, Charran filed a notice of post-conviction relief in the Maricopa
12 County Superior Court. (Doc. 11, Ex. P) Charran's appointed counsel reviewed the
13 record and was unable to find any colorable claims for relief. (Doc. 11, Ex. Q) Charran
14 filed a *pro per* petition for post-conviction relief. (Doc. 11, Ex. R) At the conclusion of
15 briefing, the Superior Court summarily dismissed his Rule 32 Petition. (Doc. 11, Exs. S,
16 T, U) Charran did not appeal this dismissal to the Arizona Court of Appeals or the
17 Arizona Supreme Court. (Doc. 11, Exs. V, W)

18 On January 27, 2014, Charran timely filed a petition for writ of habeas corpus in
19 this Court alleging deficiencies with his trial counsel and his trial. (Doc. 1) Respondents
20 argue that his claims are either unexhausted and subject to a procedural bar, or meritless.
21 (Doc. 11)

**EXHAUSTION OF REMEDIES & PROCEDURAL DEFAULT**

23 Exhaustion of Remedies. A state prisoner must properly exhaust all state court
24 remedies before this Court can grant an application for a writ of habeas corpus. 28
25 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v.*
26 *Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies
27 by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate
28 manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196

F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory. *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

Procedural Default. A claim can also be subject to an express or implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). An express procedural bar exists if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule). *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

**CHARRAN IS NOT ENTITLED TO HABEAS RELIEF**

Five of Charran's claims are barred. Charran's Habeas Petition raised four grounds; Respondents' answer correctly noted that the Petition actually contains seven different arguments. (Docs. 1, 11 at 5) Two of these arguments were raised in Charran's

direct appeal to the Arizona Court of Appeals, namely that the evidence was insufficient to support his conviction and that the jury instructions were improper. (Doc. 11, Ex. J) The Court of Appeals evaluated both arguments in its July 19, 2012 memorandum decision and, as described further below, the Court will assume they were both properly exhausted. (Doc. 11, Ex. M)

However, because Charran did not appeal the dismissal of his Petition for Post-Conviction Relief to the Arizona Court of Appeals, he did not properly exhaust his state remedies for any of the other five arguments in his Habeas Petition. *Swoopes*, 196 F.3d at 1010. The five unexhausted arguments are: (1) he received ineffective assistance of trial counsel, (2) the trial court should have granted him new trial counsel after trial counsel divulged that he knew the victim, (3) the Double Jeopardy clause was violated when Charran was charged with two counts of burglary for one crime, (4) the evidence only supported a violation of A.R.S. § 13-1506 not A.R.S. § 13-1507, and (5) the prosecution improperly told the jury hearsay about his co-defendants. (Doc. 1 at 6-9)

These five unexhausted claims are now subject to an implied procedural bar because they were not fairly presented in state court and no state remedies remain available to Charran because he is now precluded or time-barred from raising his claims in a successive and untimely Rule 32 petition under Arizona Rules of Criminal Procedure 32.1(d)-(h), 32.2(a) & (b), or 32.4(a).

The Court has carefully read Charran's Petition and Reply. (Docs. 1, 12) Charran has not demonstrated either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. Accordingly, the Court cannot review these five claims.

<u>Charran's exhausted claims are unpersuasive</u>. Two arguments in Charran's Habeas Petition were properly raised before the Arizona Court of Appeals: whether the evidence was sufficient to support his conviction and whether the jury instructions were improper. (Doc. 11, Ex. M) Both arguments were found to be unpersuasive. (*Id*.)

1      First, Charran argues that the jury instruction was improper.  Based on the history
2 of the case, the Court assumes that this argument refers to the flight or concealment
3 instruction.  Respondents argue that this claim was not presented as a federal claim to the
4 Arizona Court of Appeals and, therefore, was not exhausted.  (Doc. 11 at 9-13)
5 Assuming that this claim was exhausted, this argument remains unpersuasive because
6 "the fact that [a jury] instruction was allegedly incorrect under state law is not a basis for
7 habeas relief." *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991).  "The only question for us
8 is 'whether the ailing instruction by itself so infected the entire trial that the resulting
9 conviction violates due process.'"  (*Id*. at 72) (quoting *Cupp v. Naughten*, 414 U.S. 141,
10 147 (1973)).

11      Charran has not provided any detailed support for this argument.  After a thorough
12 review of the record, the Court concludes that Charran has not shown that the jury
13 instruction violated his due process rights.  Accordingly, this claim is unpersuasive.

14      Next, Charran argues there was insufficient evidence to support his conviction.
15 Respondents acknowledge that this claim was properly exhausted and argue that it fails
16 on the merits.  The Court agrees.

17      Habeas review of insufficient evidence claims "face a high bar . . . because they
18 are subject to two layers of judicial deference."  *Coleman v. Johnson*, 132 S.Ct. 2060,
19 2062 (2012).  The first layer of deference is given by the Arizona Court of Appeals to the
20 jury which can only set aside the verdict "if no rational trier of fact could have agreed
21 with the jury."  *Id*. (quoting *Cavazos v. Smith*, 132 S.Ct. 2, 4 (2011)).  The second layer
22 of deference, given by the federal court to the state court's decision, requires that a
23 federal court find the state court decision "objectively unreasonable" before granting
24 relief.  *Id*. (quoting *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010)).

25      Here, the Arizona Court of Appeals reviewed Charran's claim of insufficient
26 evidence and found two reasonable inferences that the jury could have made.  (Doc. 11,
27 Ex. M at ¶ 7)  First, "[t]he jury could have reasonably inferred from Charran's possession
28 of property stolen during the first burglary, little more than two hours after it was stolen,

that he had stolen it." *Id.* Second, "the jury could have reasonably inferred from Charran's conduct during the second burglary, including driving by the house with his lights off before parking in the same location a vehicle had earlier been, and nonchalantly entering the house through the cracked-open front door to remove items, that he was familiar with the home from his presence there at the earlier burglary." *Id.*

In his habeas reply, Charran "does not deny that he was involved in the taking of property from the residence" and he acknowledges that he "possessed stolen property belonging to the victim(s)." (Doc. 12 at 2, 4) Instead, he argues that his involvement was "unwilling." *Id.* However, this argument is not enough to show that the state court's review of the jury's decision was objectively unreasonable. Accordingly, this argument is unavailing.

**IT IS THEREFORE RECOMMENDED** that Anil N. Charran's petition for writ of habeas corpus be **denied and dismissed with prejudice.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will

be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 29th day of May, 2015.

_____
David K. Duncan
United States Magistrate Judge