**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anil N. Charran,<br><br>            Petitioner,<br><br>    vs.<br><br>Charles L. Ryan, et al.,<br><br>            Respondents. | No. CV-14-00153-PHX-PGR (DKD)<br><br>ORDER |

Having considered *de novo* the Report and Recommendation of Magistrate Judge Duncan in light of the petitioner's Objection to Report and Recommendation (Doc. 21) and the respondents' Response to Objections to Report and Recommendation (Doc. 22), the Court finds that the petitioner's objections should be overruled as meritless because the Court concludes that the Magistrate Judge correctly determined that the petitioner's habeas corpus petition, timely filed pursuant to 28 U.S.C. § 2254, should be denied in its entirety.

The petitioner, who is serving concurrent sentences of 11.25 years for two convictions of second-degree burglary, filed a § 2254 petition which contains seven

arguments set forth in four grounds.[1]  The Magistrate Judge determined that the petitioner had procedurally defaulted on five of his claims by failing to exhaust his state remedies as to them  (claims 1,2,3,4 and 6) and that he had not shown either cause or prejudice or a miscarriage of justice to excuse those defaults, and that the petitioner's other two claims (claims 5 and 7) failed on their merits.

In his Objection, the petitioner does not argue that the Magistrate Judge erred in determining that the two exhausted claims were meritless and the Court  accepts the Magistrate Judge's reasoning as to claims 5 and 7. *See* Thomas v. Arn, 474 U.S. 140, 149 (1985) (Supreme Court noted that a district court, in reviewing a report and recommendation, is not required to conduct "any review at all ... of any issue that is not the subject of an objection.")

What the petitioner does argue in his Objection, and does so for the very first time in this action, is that there is no procedural bar for his ineffective assistance claim due to the doctrine set forth by the Supreme Court in Martinez v. Ryan, 132 S.Ct. 1309 (2012).   The Court concludes that the petitioner's Martinez-related objections are without merit.

First, absent extraordinary circumstances, which are not present here, a district court need not consider an argument raised for the first time in an objection to a report and recommendation. *See* Greenhow v. Secretary of Health and Human Services, 863 F.2d 633, 638 (9th Cir.1988) (*overruled on other grounds*) ("[A]llowing parties to fully litigate their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the

---

[1] The Court accepts the seven-claim numbering approach adopted by the respondents in their Limited Answer to Petition for Writ of Habeas Corpus (*see* p. 5 of Doc.11).

purpose of the Magistrates Act.  We do not believe that the Magistrates Act was intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court."); *accord*, Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985, 990-91 (1st Cir. 1988) ("We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the [district] judge of an argument never seasonably raised before the magistrate.")

Second, while it is not clear whether the petitioner's Martinez argument is directed just at his first claim, which is his only ineffective assistance of counsel claim, or also at his other four unexhausted claims, the Court in any case concludes that Martinez does not excuse any of his procedural defaults.  In Martinez, the Supreme Court established a "narrow exception" to its rule that state post-conviction review counsel's ineffective assistance cannot serve as cause to excuse the procedural default of habeas claims by holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.") 132 S.Ct. at 1315.  The Martinez exception is limited to an underlying Sixth Amendment ineffective assistance claim and does not apply to any other claims of trial error. Pizzuto v. Ramirez, 783 F.3d 1171, 1177 (9th Cir.2015) ("Permitting claims of trial error to be considered ineffective assistance of counsel claims because an effective attorney would have prevented or remedied that purported error would expand *Martinez* to include all potential errors, and make the limitations we stated [regarding the Martinez exception] nonsensical.") The petitioner's procedural defaults as to his claims 2,3,4, and 6 do not come within the purview of Martinez because they do not allege any ineffective assistance of counsel.

The gist of the petitioner's first claim is that his trial counsel was ineffective for failing to abide by the petitioner's instructions to plead guilty, by failing to follow through with the offered plea agreement, and by failing to explain the plea to the petitioner. Under Martinez, in order for a habeas petitioner to establish cause for a procedural default of an ineffective assistance claim, he must demonstrate two things, one of which is "that the ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S.Ct. at 1318; *accord*, Trevino v. Thaler, 133 S.Ct. 1911, 1918 (2013). The petitioner has not made such a showing because the state court record, as submitted with the respondents' Limited Answer, clearly establishes that the petitioner's ineffective assistance claim is wholly without factual support, and is thus insubstantial, inasmuch as the petitioner was twice offered a plea agreement and he knowingly twice rejected both offers. He specifically rejected the first offer in open court on May 14, 2010 after the trial court held a "Donald advisory hearing" wherein both the terms of the plea offer and the potential consequences of rejecting the offer were explained to him. (Exhibit D to Doc. 11-1).[2]  A court hearing on

---

[2]

The transcript of the Donald hearing contains the following exchanges between the court and the petitioner after the court explained to the petitioner that he was looking at a maximum sentence of 54 years:

THE COURT: And Ms. Gattuso [the prosecutor], can you tell me what the Plea Agreement was for?
MS. GATTUSO: The offer was to Count 1, Burglary in the Second Degree, Class 3 felony with one prior felony conviction, with a stipulation to an aggravated term in the Department of Corrections.
THE COURT: Okay. What that means, sir, was that under the Plea Agreement you were looking at a term in prison from a day over 6-1/2 years to 16.25 years. Do you understand that?
THE DEFENDANT: Yes.
THE COURT: And so that is a significant benefit to you then [sic] than, say, 54

September 21, 2010 (Exhibit F to Doc. 11-1), wherein the petitioner's request for a change of counsel was denied, establishes that the petitioner's counsel obtained a second, more favorable, plea deal of nine years for the petitioner and the petitioner turned that deal down too.  Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 18) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is denied and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability shall not issue and that the petitioner may not appeal *in forma pauperis* because the dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable, and because the petitioner has not made a substantial showing of the denial of a constitutional right.

/ / /

/ / /

---

years.  Do you understand that?
THE DEFENDANT: Yes.
* * *
MS. WORKMAN (Defense counsel): Judge, Mr. Charran indicates he's rejecting the plea.
THE COURT: Is that correct, sir?
THE DEFENDANT: Yes.
THE COURT: The record will reflect I did conduct a *Donald* advisory hearing and the defendant rejected the Plea Agreement.  And I'm looking at him, and he does not appear to be equivocal.  So I'm making a finding you are knowingly, voluntarily, and intelligently rejecting this plea.

1    IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 16th day of November, 2015.

Paul G. Rosenblatt
United States District Judge